UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

IN RE: )
)
GREGORY L. VOLS and CHRISTY J. VOLS, )
) NO.
)
CHAPTER 13 DEBTORS. )

## CHAPTER 13 PLAN

NOTICE

THIS PLAN CONTAINS EVIDENTIARY MATTER WHICH, IF NOT CONTROVERTED, MAY BE ACCEPTED BY THE COURT AS TRUE.  CREDITORS CANNOT VOTE ON THIS PLAN BUT MAY OBJECT TO ITS CONFIRMATION PURSUANT TO BANKRUPTCY CODE § 1324, AND LOCAL RULES.  ABSENT ANY SUCH OBJECTION, THE COURT MAY CONFIRM THIS PLAN AND ACCEPT THE VALUATION AND ALLEGATIONS CONTAINED HEREIN.

The Debtor(s) above named hereby proposes the following plan.

1. Debts.  All debts are provided for by the Plan.  Only creditors holding claims duly proved and allowed shall be entitled to payments from the Trustee.  (See Notice of Filing of Bar Date.)

2. Payments.  As of the date of this plan, the debtor has paid $0.00 to the Trustee.  Debtor and/or any entity from whom the debtor(s) receive income shall pay to the Trustee the sum of **$300.00 Monthly**, commencing **3/25/2015**, for **30 Months** then **$550.00 Monthly** for **24 Months** for a total of **$22,200.00** or until such amounts are paid that will afford payment of all allowed and proven claims in the amount payable under this Plan.

3. Plan Payments.  The Trustee, from available funds, shall make payments to creditors in the following amounts.

    A.    Debtor's Attorney's Fees.  Steven E. Balk-$0.00 ($1,500 to be paid by Hyatt Legal Plans)

    B.    Mortgage Arrears.  CHASE HOME FINANCE, LLC: $3,000 est.

    C.    Secured Claims:

        1.    SANTANDER CONSUMER USA (Collateral—Kia Sportage): $14,725 + interest at the rate of 5.25%.

        2.    UNITED CONSUMER FINANCIAL SERVICES (Collateral—vacuum): $200.

    D.    Priority Claims:   NONE

    E.    Separate Class of Unsecured Claims.  NONE.

  F. <u>Unsecured Claims.</u>  All other creditors not scheduled above shall be paid pro rata from funds remaining after payment of above scheduled claims.

  G. <u>Lien Avoidance.</u>  NONE.

  H. <u>Leases and Contracts.</u>  The Debtor hereby assumes the following unexpired leases and executory contracts, and rejects all others: NONE

  I. <u>Miscellaneous Property.</u>  NONE.

4. <u>Secured Claims – Paid directly by debtor(s).</u>  CHASE HOME FINANCE, LLC (Collateral—house) and ALLY FINANCIAL (Collateral—Dodge Avenger).

5. <u>Future Income.</u>  Debtor submits all future disposable earnings or other future disposable income, including tax refunds, to such supervision and control of the Trustee as is necessary for the execution of the Plan.

6. <u>Standing Trustee Percentage Fee.</u>  Pursuant to 28 U.S.C. §586(e)(b), the Attorney General, after consultation with the United States Trustee, sets a percentage fee not to exceed ten percent of payments made to creditors by the Trustee under the terms of this plan.

7. <u>Order of Distribution.</u>  Trustee shall pay allowed claims in the following order:

  Trustee Commissions
  Other Administrative Claims
  Priority Claims
  Secured Claims
  General Unsecured Claims


Attorney for Debtor:
Steven E. Balk
ARDC 06242470
Pepping, Balk, Kincaid & Olson, Ltd.
105 7th Street
Silvis, IL  61282

           Signed: _/s/ Gregory L. Vols_____
              Gregory L. Vols

           Signed: _/s/ Christy J. Vols_____
              Christy J. Vols


Signed:__/s/ Steven E. Balk_____  Dated:__February 25, 2015_____
  Steven E. Balk